UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

---

KERON INNISS,

                Petitioner,

   – against –

J. LAVALLEE,

                Respondent.

---

**MEMORANDUM & ORDER**

13-CV-2655 (ERK)

KORMAN, J.:

Petitioner, Keron Inniss, was convicted after a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree. He was sentenced to prison for 25 years to life on the murder charge, running concurrently with a 15-year term of incarceration on the weapons charge. In summarizing the evidence against petitioner, his trial counsel told the jury in his summation: "At first blush, they got an easy case, they have an eyewitness, they have another person that says that Keron Innisss told them that he shot Naheem Chavis, they have a videotape confession. On its face, I submit to you, that that's what they would consider a slam-dunk case for them. It's a no-brainer. Proof beyond a reasonable doubt, find him guilty. Let's get on with it." Tr. 619.

On appeal, the petitioner principally argued that the prosecutor had deprived him of his due process right to a fair trial by engaging in improper cross examination and summation. The Appellate Division affirmed petitioner's conviction, holding that this argument was partially unpreserved and, in any event, did not warrant reversal. *People v. Inniss*, 930 N.Y.S.2d 469 (N.Y. App. Div. 2011). Inniss then filed this petition for habeas corpus, alleging that he was

1

denied his right to a fair trial by "prosecutorial misconduct and its relentless prejudicial attacks on defense counsel and petitioner." Petr.'s Mem. Supp. Writ of Habeas Corpus 15, ECF No. 1.

A prosecutor's improper comments reach the level of a constitutional violation only where they so infect the trial with unfairness that the resulting conviction violates due process guarantees. *Darden v. Wainwright*, 477 U.S. 168, 180–82 (1986). There, the Supreme Court

> rejected a claim that the state's closing argument denied the defendant a fair trial. *Darden* was a capital case, and the prosecutor's closing argument contained numerous patently improper remarks, reflecting the prosecutor's highly emotional reaction to both the defendant and the gruesome homicide with which he was charged. Nonetheless, a majority held that there had been no constitutional violation under the appropriate standard of review—"'the narrow one of due process and not the broad exercise of supervisory power.'" No matter how glaring the prosecutor's misconduct (the Court characterized the prosecutor's closing argument as "fully deserving the condemnation it received from every court to review it"), due process did not mandate a new trial unless that misconduct had such an impact as to deprive the defendant of a fair trial.

Wayne R. La Fave, et al., *Criminal Procedure* § 24.7(h) at 472 (3d ed. 2007).

While *Darden* addressed the issue of comments made during the course of summation, the same standard would seem to logically apply to alleged prosecutorial misconduct during cross examination. Against this backdrop, I first consider the alleged improprieties in questions put to petitioner by the prosecutor during his extended cross examination (which encompassed 117 pages of the transcript). I have read the transcript of the cross examination and it seems clear to me that the Appellate Division did not err in rejecting petitioner's challenge on the merits and as partially unpreserved. Petitioner cites seven instances as examples of improper questioning by the prosecutor. In three of those instances, the trial judge sustained the defendant's objection and petitioner's counsel sought no further relief. Moreover, the other instances hardly approach the level of a due process violation. Because I do not intend to go through each one of the remaining four instances of alleged misconduct, one example will

suffice. Thus, while petitioner acknowledges that he had testified on direct examination that he had not been permitted to use the bathroom, brush his teeth, or wash his face before being taken to the precinct, Petr.'s Mem. Supp. Writ of Habeas Corpus 6, he complains that the prosecutor asked, "Is there something about brushing your teeth that makes you not understand the questions that the detectives asked you down in Montgomery, Alabama?" Tr. 472. In response, petitioner answered, "Yeah, it did have something to do with it." *Id.* When the prosecutor asked a second question that substantially repeated the earlier question, petitioner's counsel objected on the ground that petitioner "never said he didn't understand their questions." *Id.* Passing over the fact that the petitioner had just said precisely that, the trial judge indicated that he would let the prosecutor inquire about "whether brushing teeth had anything to do with his understanding of the situation." *Id.* at 472–73. Petitioner then responded that it had not affected him and that he had understood the questions. *Id.* at 473. Neither this exchange, nor the others listed by petitioner, were so egregious as to infect the entire proceeding with unfairness.

Turning to the closing argument of the prosecutor which I have read in full, petitioner cites nine improper comments in a summation that encompassed 65 pages of the trial transcript. Tr. 661-726. Of those nine instances, the trial judge sustained petitioner's objection to four objections and overruled three objections. No objection was raised to the remaining two comments. While I do not believe that the prosecutor's summation violated the due process clause—a judgment confirmed by the failure of petitioner's counsel to seek even a cautionary instruction or move for a mistrial with respect to any of the prosecutor's comments—the absence of an objection or the failure to seek relief beyond having his objection sustained constitutes a procedural forfeiture of the claim. *See Reardon v. Richardson*, 956 F.2d 391 (2d Cir. 1992); N.Y. Crim. Proc. § 470.05.

Even if the prosecutor's summation crossed the line of propriety, it hardly compares to the statements the Supreme Court held do not merit habeas relief in *Darden*. Indeed, even aside from the summation comment in *Darden* comparing the defendant to an animal and "wish[ing] that [the prosecutor] could see him sitting here with no face, blown away by a shotgun," appellate courts have held on direct appeal that

> [t]he prosecutor may characterize the defendant with disparagement that is reasonably deduced from the evidence in the case. Thus, while courts have held improper the characterization of the defendant as a "sexual fiend," or "Judas Iscariot," or as "hunting each other like animals," others will consider as fair comment (with some dramatic license) the description of the defendant as a "trafficker in human misery," or a "little lizard slipping through the underbrush," a "nine-headed, hydra-headed monster."

Wayne R. La Fave, et al., *Criminal Procedure* § 24.7(e) at 468 (3d ed. 2007) (citing, *inter alia*, *United States v. Rewald*, 889 F.2d 836 (9th Cir. 1989)). Moreover, the prosecutor generally may describe evidence as "unrefuted," "uncontradicted," or "not confronted on cross-examination." *See United States v. Iorizzo*, 786 F.2d 52, 61 n.4 (2d Cir. 1986) (cited in Mehler, Gleeson, & James, *Federal Criminal Practice: A Second Circuit Handbook* § 47-4 at 1047–48 (13th ed. 2013)). Indeed, although I do not intend to go over each of the petitioner's objections to the summation, I observe that one of them specifically involved a comment by the prosecutor that related to the failure of petitioner's counsel to even comment on the testimony of petitioner's friend to whom the petitioner had confessed. Petr.'s Mem. Supp. Writ of Habeas Corpus 10. There was no prosecutorial misconduct in this statement. *See* Mehler, Gleeson, & James, *Federal Criminal Practice: A Second Circuit Handbook* § 47-4 at 1047–48. In sum, taken together with the fact that a number of objections were sustained, no objections were made to other comments by the prosecutor, none of the statements were particularly egregious, and the

weight of the evidence against the petitioner was heavy, this case would be an unlikely candidate for reversal, even on direct appeal.

Even so, this is not a direct appeal in which an appellate court can rely on its supervisory power to reverse a conviction. Instead, we deal with a habeas corpus petition in which a petitioner can only obtain relief if the holding of the Appellate Division was contrary to or constituted an unreasonable application of clearly established Supreme Court law. Moreover, "[p]articularly because the *Darden* standard is a very general one, leaving courts more leeway in reaching outcomes in case-by-case determinations," *Parker v. Matthews*, 132 S.Ct. 2148, 2155 (2012) (internal quotation and citation omitted), I am unable to conclude that the holding of the Appellate Division provides a basis for habeas corpus relief here.

The petition is denied. I also deny a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
July 10, 2015

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge